FAJARDO SUGAR COMPANY, APPELLANT, v. REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record an Agricultural Contract.

No. 333.—Decided November 27, 1917.

AGRICULTURAL CONTRACT—RECORD OF TITLE.—In order to record in the registry a contract for agricultural financing wherein the planter of the sugar cane, or

*colono,* referred to in section 14 of the Act of March 10, 1910, purports to be the owner of the property affected by the contract, it is not necessary that the document should show that the property had not been previously recorded, or else that the title of acquisition should be presented.

The facts are stated in the opinion.

*Mr. Luis Muñoz Morales* for the appellant.

The respondent appeared by brief *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

This was a contract of *refacción* presented to the registry for record, wherein the cultivator of the cane, or *colono,* purports to be the owner. This would seem to bring the case directly under the provision of section 14 of the Act of March 10, 1910, as follows:

"The provisions of the Mortgage Law, in so far as not in conflict with the provisions of this Act, shall be applicable to entries and marginal notes made in the 'Registry for Contracts for Agricultural Purposes'; but in no case the former registration of the property in the registry of property shall be required for the purpose of making such entries."

The registrar maintains that the document ought either to show that the property had not been previously recorded, or else the title of acquisition should be presented. There is some natural reason in what the registrar maintains, but we think this is a plain case of *ita lex scripta est.* The Legislature, as pointed out in *Porto Rican Leaf Tobacco Company v. Registrar,* 24 P. R. R. 831, was favoring the record of this class of contracts, and while this policy of the Legislature may lead to some inconvenience, there is nothing for us and the registrar to do but follow the law.

The note must be reversed and the record made.

*Reversed.*

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.